■ In the Matter of Radislaw Blazic, Appellant, v. Edward M. Fay, as Warden of Green Haven State Prison, Respondent.— In a proceeding pursuant to statute (former Civ. Prac. Act, art. 78; Correction Law, § 610), to compel the respondent, the prison warden, to permit the petitioner to receive certain religious material forwarded to him, the petitioner appeals from a judgment of the Supreme Court, Dutchess County, entered December 17, 1963 after a hearing, which dismissed his petition. Judgment reversed on the law and the facts, without costs, and proceeding remitted to the Special Term for a further hearing and a determination *de novo* of the issues herein, not inconsistent herewith. At the hearing on the petition it appeared that for a time the religious material in question had been delivered to petitioner, but that thereafter it was withheld by the respondent Warden. The Justice below inquired as to whether petitioner would consent to have the Warden examine the material in order to ascertain whether it was violative of the rules and regulations concerning the discipline and management of the institution, as promulgated by the Commissioner of Correction pursuant to the Correction Law (§§ 112, 610). The petitioner gave such consent; and the Warden agreed to deliver the material to petitioner should he (the Warden) find it not violative of such rules. The petition was thereupon dismissed. The record before us, however, is silent as to the findings of the Warden's examination or as to the specific rules upon which the Warden relied in withholding the religious matter from petitioner. Absent this information, we are unable to pass upon the issues here presented. Accordingly, we must reverse the judgment and remit the proceeding to Special Term for a further hearing and for a determination *de novo* not inconsistent herewith. Such determination should be based: (a) upon the Warden's findings as a result of his examination of the religious material in question; and (b) upon the said rules of the Commissioner of Correction, and more specifically upon the rules on which the Warden relies for his findings and for his action. In our opinion, petitioner should not be deprived of his right to receive

religious material unless such material is found to be violative of reasonable rules and regulations concerning proper discipline and management of the prison, promulgated by the Commissioner of Correction pursuant to law (Correction Law, §§ 112, 610; *Martin* v. *Struthers*, 319 U. S. 141, 143, 146–147; *Matter of Brown* v. *McGinnis*, 10 N Y 2d 531; cf. *Matter of Holliday* v. *McGinnis*, 18 A D 2d 828). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.